FILED
CLERK
9/28/2012 11:41 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUMBERMENS MUTUAL CASUALTY CO.,

        Plaintiff,                          06-CV-3881 (TCP)

                                                MEMORANDUM
- against -                            AND ORDER

ALAN DINOW, NORMAN HINERFELD,
THERMACON ENVIRO SYSTEMS, INC.,
THERMACON INDUSTRIES, INC., and
THERMACON PROPERTIES, INC.,

        Defendants.
------------------------------------------------------------X
PLATT, District Judge.

        Before the Court is plaintiff Lumbermens Mutual Casualty Company's motion for summary judgment against defendant Norman Hinerfeld pursuant to Federal Rule of Civil Procedure 56.[1]  For the following reasons, plaintiff's motion is hereby **DENIED**.

## I. BACKGROUND

**A.**    **Facts**

        In order to enter into and perform construction contracts with public entities and with many private entities, defendant Thermacon Enviro Systems, Inc. ("Thermacon") arranged for performance and payment bonds to issue and secure its full performance of such contracts and its full payment for all labor, materials, equipment and services furnished in connection with its performance of such contracts.  Plt. 56.1 Stmt. 1.  Thermacon requested that plaintiff Lumbermens issue or procure the issuance, on its behalf as principal, the performance and

---

[1]. The only remaining defendants in this case are Hinerfeld and Thermacon Enviro Systems, Inc.  The case against Alan Dinow was discharged in bankruptcy.  Default judgments were granted against defendants Thermacon Industries, Inc. and Thermacon Properties, Inc.

payment bonds it was required to furnish in order to enter into construction contracts. *Id.* at ¶ 2. As a condition precedent to the issuance and/or procuring of any bonds, Lumbermens required defendants Dinow, Hinerfeld ("Hinerfeld" or "defendant"), Thermacon, Thermacon Industires, Inc. and Thermacon Properties, Inc. (collectively "indemnitors") to execute a General Indemnity Agreement ("GIA"). *Id.* at ¶ 3. On or about October 6, 1999, the indemnitors executed the GIA. *Id.* at ¶ 4.

Pursuant to the GIA, the indemnitors, including defendant Hinerfeld, each agreed jointly and severally to, among other things, indemnify Lumbermens from demands, liabilities, losses, costs, damages or expenses arising out of any surety bond issued or procured by Lumbermens on behalf of Thermacon, Thermacon Properties, Inc. and/or Thermacon Industries, Inc. *Id.* at ¶ 5.

In relevant part, the GIA provides that the indemnitors agree, jointly and severally, that:

> [T]he Indemnitor and each of its, his or her successors, heirs or assignees, ***agree to indemnify and save harmless the Surety from and against any and all demands, liabilities, loss, costs, damages or expenses of whatever nature or kind***, including fees of attorneys and consultants and all other expenses, including but not limited to cost and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and in attempting to recover losses or expenses from the Indemnitor or third parties, whether the Surety shall have paid out any such sums or any part thereof or not and premiums on bonds issued by the surety on behalf of the Principal.

*Id.* at ¶ 6 (emphasis added). Paragraph three of the GIA further states:

> A. Surety shall have the right in its sole discretion to determine whether any claims shall be paid, compromised, defended, prosecuted or appealed.
>
> B. Surety shall have the right to incur such expenses in handling a claim as it shall deem necessary, including but not limited to the expense for investigation, accounting, engineering and legal services.

> C. Surety shall have the foregoing rights, irrespective of the fact that the Indemnitor may have assumed, or offered to assume, the defense of the Surety upon such claim or offered to post collateral in the amouint of the Surety's potential exposure.
>
> D. In any claim or suit hereunder, an itemized statement of the aforesaid loss and expense, sworn to by an officer of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability hereunder of the Indemnitor.
>
> E. Surety shall have the right to reimbursement of its expenses, premiums and attorneys' fees hereunder, irrespective of whether any bond loss payment has been made by Surety. In any suit seeking the enforcement of the Indemnitor's obligations under this Agreement, Surety may recover its further expenses and attorneys' fees incurred in such suit.

*Id.* at ¶ 7. Additionally, in paragraph six of the GIA, the indemnitors agreed, jointly and severally, that:

> [I]f a claim is made against Surety, or if Surety deems it necessary to establish a reserve for potential claim, and upon demand from Surety, the Undersigned shall deposit with Surety cash or other property acceptable to Surety as collateral security, in sufficient amount to protect the Surety with respect to such claim or potential claims and any expense or attorneys' fees. Such collateral may be held by Surety until it has received evidence of its complete discharge from such claim or potential claim and until it has been fully reimbursed for all loss, expense and attorneys' fees.

*Id.* at ¶ 8. Further, pursuant to paragraph eight of the GIA:

> The Indemnitor, hereby irrevocably nominates, constitutes, appoints, designates the Surety or its designee as each of their attorney-in-fact with the right, but not the obligation, to exercise all of the rights assigned, transferred and set over to the Surety by the Indemnitors in this Agreement.

*Id.* at ¶ 9. At the specific request of some or all of the indemnitors, and in reliance upon the GIA, Lumbermens issued, or procured the issuance, of the following surety bonds ("bonds"), among others:

    (A)    Principal:    Thermacon Enviro Systems, Inc.
           Obligee:    Nassau County Department of Public Works
           Project:    Cedar Creek Water Pollution Control Plant Aeration Tank Covers and Odor Control Building ("Cedar Creek project")
           Bond:    LM-243615

    (B)    Principal:    Thermacon Enviro Systems, Inc.
           Obligee:    Dognan Construction Co., Inc.
           Project:    Green Valley Waste Water Project ("Green Valley project")
           Bond:    LM-251680

*Id.* at ¶ 10. After the issuance of the aforesaid bonds, Lumbermens received performance and payment bond claims in connection with the Cedar Creek project as well as a payment bond claim in connection with the Green Valley project. *Id.* at ¶ 11.

Lumbermens contends it expended significant sums in connection with the settlement of the above mentioned claims as well as substantial attorneys' and consultants' fees in connection with the investigation and adjustment of these claims. Additionally, Lumbermens has incurred and will continue to incur fees associated with the instant indemnity action. *Id.* at ¶ 12. Defendant generally denies plaintiff's statement except admits "that plaintiff has paid any amounts or fees for which [it] has provided proper proof in admissible form."[2] Def. 56.1 Ctr. Stmt. ¶ 12.

In the litigation entitled *Durr Mechanical Construction, Inc. and Sofrock International, Inc. v. Thermacon Enviro Systems, Inc. and Lumbermens Mutual Casualty Company*, New York State Supreme Court, New York County, index number 108179/02 ("Durr litigation"), Durr

---

2. Eastern District Local Rule 56.1 requires, however, that disputed facts be *specifically* controverted by admissible evidence. Mere denial of an opposing party's statement or denial by general reference to an exhibit or affidavit does not specifically controvert anything. Thus, to the extent any statements herein are supported by the record and not specifically controverted by admissible evidence, they are deemed admitted.

Mechanical Construction, Inc. asserted a performance bond claim against Lumbermens due to Thermacon's alleged failure to complete work on the Cedar Creek project.  Plt. 56.1 Stmt. ¶ 13.

Similarly, in litigation captioned *U.S.F. Fabrication, Inc. v. Thermacon Enviro Systems, Inc. and Lumbermens Mutual Casualty Company*, *et al.*, United States District Court, Eastern District of New York, docket number 03-CV-1892 ("U.S.F. litigation"), U.S.F. asserted a payment bond claim against Lumbermens based on Thermacon's failure to pay for materials ordered from U.S.F. Fabrication.  *Id.* at ¶ 14.

On or about June 13, 2005, Lumbermens settled the U.S.F. litigation by paying U.S.F. the sum of $430,000.  *Id.* at ¶ 15.  On or about December 2, 2005, Lumbermens settled the Durr litigation by paying Durr the sum of $975,000.  *Id.* at ¶ 16.  During the pendency of the Durr and U.S.F. litigations, Thermacon was represented by counsel.  *Id.* at ¶ 17.  Initially, Thermacon was represented by Jeremy Kalina, Esq. and Marvin Schechter, Esq. of the Tunstead, Schechter and Czik firm.  *Id.* at ¶ 18.  Thereafter, Steven Gold, Esq. and Paul Ostensten, Esq. of the firm Mintz & Gold LLP were substituted as counsel for Thermacon.  *Id.* at ¶ 19.  At certain times during the litigation, Lumbermens paid Thermacon's attorneys' fees.  *Id.* at ¶ 20.

Plaintiff contends that the U.S.F. and Durr litigations were settled with the consent of defendants Thermacon, Dinow and Hinerfeld.  *Id.* at ¶ 21.  By affidavit, Hinerfeld swears, however, that he never signed the U.S.F. Settlement Agreement in any capacity and did not agree to approve settlement of the case.  Def. 56.1 Ctr. Stmt. ¶ 21; Aff. Hinerfeld at ¶ 3.  With regard to the Durr case, Hinerfeld contends that he did not consent to the settlement, but was unable to litigate the matter because Lumbermens refused to continue to pay for Thermacon's defense.  Hinerfeld admits to signing a statement acknowledging receipt of the settlement agreement and

agreeing to be bound only to paragraph 7(a) of the agreement which contains a reservation of rights among Lumbermens, Universal, Thermacon and Hinerfeld.  Aff. Hinerfeld at ¶ 4; Dec. Beatty, Exh. C at p. 15.  Former defendant Dinow executed the Settlement Agreement with Durr on behalf of Thermacon.  Dec. Beatty, Exh. C at p. 8.  In both the Durr and U.S.F. Settlement Agreements, Lumbermens reserved all rights under the GIA entered into with the Indemnitors.  Plt. 56.1 Stmt. ¶ 23.

Plaintiff, however, amended bond number LM-243615 by a Dual Obligee Rider dated October 7, 1999.  Def. 56.1 Ctr. Stmt. ¶ 28.  The terms of the Dual Obligee Rider in plaintiff's performance bond states:

> Notwithstanding anything contained herein to the contrary, there shall be no liability on the part of the Principal Surety under this bond to the Obligees, or either of them shall make payments to the Principal, or to the Surety in case it arranges for completion of the Contract upon default of the Principal, strictly in accordance with the terms of said Contract as to payments, and shall perform all the other obligations required to be performed under said Contract as the time and manner therein set forth.  It is also mutually agreed that the maximum aggregate liability of Surety hereunder to the obligees or either of them is limited to the penal sum of the above mentioned bond.

*Id.* at ¶ 29.  As indicated in the preprinted portion of the Lumbermens' bond, the beneficiary of a surety's performance bond is the party with whom the surety's principal has a contractual relationship, i.e., the party for whom the contractor is performing.  Thus, in order to confer rights upon Durr, the parties agreed to the issuance of the "Dual Obligee Rider" which had the effect of making Sofrock and Durr beneficiaries of Lumbermens' bond.  In agreeing to provide Durr rights under the performance bond, however, the Dual Obligee rider contains explicit language by Lumbermens as to the conditions under which Durr may make a claim against the performance bond.  Durr did not satisfy those conditions and therefore had no rights under the bond, according

to defendant Hinerfeld. *Id.* at ¶ 30, Dec. Cortegiano, Exh. E, p. 8 n.1.

Plaintiff denies the foregoing on the ground it does not comply with Local Rule 56.1 because it "represents a legal conclusion rather than a fact" and because defendant relies upon "a legal argument in another proceeding." Turning to defendant's exhibit offered in support of its statement, the Court notes that it derives, in fact, from Lumbermens' "Statement of Undisputed Material Facts Submitted Pursuant to Rule 19-a of the Commercial Division Concerning Plaintiffs' Motion for Summary Judgment" from the State Court proceeding. Plt. Reply 56.1 Stmt. ¶ 3. Thus, Lumbermens submitted this document in the State Court Durr proceeding noted above, at which time it characterized Hinerfeld's Local Rule 56.1 statement number 30 in the instant case as a statement of "undisputed material fact." *See* Dec. Cortegiano, Exh. E.

Defendant then states, again relying on Lumbermens' State Court statement of undisputed facts, that Durr breached its contract with Thermacon by failing to pay Thermacon for work performed during December 2000 through February 2001. Def. 56.1 Ctr. Stmt. ¶ 31. Also taken from the Lumbermens State Court statement is defendant Hinerfeld's contention that Durr and Sofrock breached their contract with Thermacon by assessing contract reductions to Thermacon's contract in a manner which amounted to a material breach to the Durr/Sofrock and Sofrock/ Thermacon contracts. *Id.* at ¶ 32. Durr's improper contract reduction of Thermacon's contract essentially starved the project in terms of earned contract funds available to Thermacon. *Id.* at ¶ 33. These additional withholdings breached Thermacon's subcontract with Durr/Sofrock and severely impacted Thermacon's cash flow, thus hampering its ability to perform the contract. *Id.* at ¶ 34.

Plaintiff denies all of the foregoing as not complying with Local Rule 56.1 because the

statements represent legal conclusions rather than facts. Plaintiff makes this claim despite the fact that all derive from its own statement of facts submitted in the State Court proceedings when it was the defendant. In addition, Lumbermens contends that Durr (plaintiff in the State Court proceeding) "denied breaching its contract with Thermacon and indicated that Thermacon did not bill for this time period." Plt. Reply 56.1 Stmt. ¶¶ 4-7.

Defendant contends that any payment by Lumbermens to Durr in settlement of Durr's claims was not required under the bond. Def. 56.1 Ctr. Stmt. ¶ 35. Plaintiff argues that the statement does not comport with Local Rule 56.1 because, *inter alia*, Durr *claimed* it was entitled to damages totaling $4,500,000.00 along with interest and attorneys' fees. There is no contention, however, that Durr ever proved these claims. Despite that, Lumbermens settled the case.

Furthermore, the report of professional engineer Mike Anderson of Cashin Spinelli & Ferretti LLC concluded that Lumbermens was *owed* $36,074.00 from Durr. Def. 56.1 Ctr. Stmt. ¶ 36. Also with regard to the Durr settlement, defendant Hinerfeld only acknowledged receipt of the agreement and reserved all rights, claims and defenses as set forth in paragraph 7(a) of the agreement. Plaintiff responds that whether or not this is true "should be reserved for a trier of fact." Plt. Reply 56.1 Stmt. ¶ 10.

With respect to the Green Valley project, Lumbermens paid $20,473.42 to settle a payment bond claim by Dognan Construction, Inc., to which the indemnitors did not object according to Lumbermens. *Id.* at ¶¶ 24, 25. Hinerfeld denies plaintiff's contentions and claims he was never aware of or advised that the Green Valley claim was settled and that he never consented or agreed to a settlement. Hinerfeld also notes that plaintiff has not submitted any

proof of payment. Def. 56.1 Ctr. Stmt. ¶¶ 24, 25; Aff. Hinerfeld at ¶ 5.

Plaintiff contends that as of November 15, 2010 and as a result of the bond claims and litigation, Lumbermens sustained losses in the total amount of $2,133,890.78 by issuing bonds on behalf of Thermacon. Plt. 56.1 Stmt. ¶ 26.

**B.     Plaintiff's Complaint**

Plaintiff's first claim is for specific enforcement of general indemnity agreements. Its second claim is for contractual indemnification. As a third and final claim, plaintiff seeks common law contractual indemnification.

## II.   DISCUSSION

**A.     Legal Standard for Summary Judgment**

A motion for summary judgment may not be granted unless a court determines that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting FRCP 56(c)). "Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Williams v. R.H. Donnelly Corp.*, 368 F.3d 123, 126 (2d Cir. 2004). The court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Id.*; *Castle Rock Entertainment, Inc. v. Carol Publishing Group*, 150 F.3d 132, 137 (2d Cir. 1998). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the [specific] pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" *Amnesty America v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If there is any evidence in the record from which a reasonable inference may be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).

There is a "genuine" issue of fact only if the "evidence [presented] is such that a reasonable jury could return a verdict for the nonmoving party." *Giodano v. City of New York*, 274 F.3d 740, 746-47 (2d Cir. 2001). Plaintiff's evidence may not amount to a mischaracterization of facts because "attempts to twist the record do not create a genuine issue of material fact for a jury." *Kim v. Son*, No. 05 Civ.1262, 2007 WL 1989473, at *6 (E.D.N.Y. July 9, 2007). Therefore, "where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion." *Holz v. Rockefeller & Co.,* 258 F.3d 62, 73 (2d Cir. 2001). Also, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). Finally, Federal Rule of Civil Procedure 56(c) mandates that all facts under consideration in a motion for summary judgment be directly supported by proof in admissible form.

B.  **Plaintiff's Summary Judgment Motion**

Plaintiff's motion for summary judgment must be denied because there are outstanding issues of fact. First, contrary to plaintiff's contention that its undisputed statements of material fact submitted in the State Court proceeding do not comply with Local Rule 56.1 "because it represents a legal conclusion rather than a fact," plaintiff's statements from the State Court proceeding are admissible pursuant to Federal Rule of Evidence 801(d)(2)(A). That section of

the rule provides that when a statement is offered against an opposing party and was made by that party in an individual or representative capacity, the statement is admissible.

Furthermore, there are outstanding issues of fact surrounding the settlement of the Durr case. Among these are whether Durr satisfied the conditions of the Dual Obligee rider and was entitled to make a claim against the performance bond in the first instance. There are also questions of fact as to whether plaintiff settled the Durr and U.S.F. State Court cases in good faith and whether it should have settled the payment bond claim made by Dognan Construction, Inc.

Finally, as plaintiff points out, the question of whether or not defendant Hinerfeld merely received the settlement agreement and reserved rights pursuant to paragraph 7(a), or whether he consented to the settlement are questions "which should be reserved for the trier of fact." Plt. Reply 56.1 ¶ 10; Def. 56.1 Stmt. ¶ 37.

### III.  CONCLUSION

For the foregoing reasons, plaintiff Lumbermens Mutual Casualty Company's motion for summary judgment as to defendant Norman Hinerfeld is hereby **DENIED**. The parties are directed to communicate with the Court's deputy clerk to arrange a trial date for this matter.

**SO ORDERED**.

Dated:  September 28, 2012
         Central Islip, New York

                                                          /s/
                                                Thomas C. Platt, U.S.D.J.