UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LUMBERMENS MUTUAL CASUALTY
COMPANY,

                Plaintiff,

-against-                          **MEMORANDUM AND ORDER**

ALAN DINOW, NORMAN HINERFELD,       06-CV-3881 (TCP)(WDW)
THERMACON ENVIRO SYSTEMS, INC.,
THERMACON,



                Defendants.
----------------------------------------------------------X

PLATT, District Judge.

Before the Court is Lumbermens Mutual Casualty Company's ("Lumbermens" or "plaintiff") motion for reconsideration of this Court's Order, dated September 28, 2012 ("Order"), pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(6). For the following reasons, plaintiff's motion for reconsideration is hereby **DENIED**.

I.

" 'The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court.' " *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at *4 (S.D.N.Y. Aug. 4, 1989) (quoting *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

In the Eastern District of New York, motions for reconsideration are governed by EDNY/SDNY Local Rule 6.3. Pursuant to the rule, "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel

believes the Court has overlooked." Thus, the moving party must point to controlling decisions or factual matters "that were put before the Court on the underlying motion." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citing cases). Local Rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.* See *Ruiz v. Comm. of Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988) (same). Consequently, a party "may not advance new facts, issues or arguments not previously presented to the court" in a motion for reconsideration. *Litton Industries, Inc.*, 1989 WL 162315, at *4.

"Rule 60(b) provides 'a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances.' " *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). Federal Rule of Civil Procedure 60(b)(6), the catch-all provision of the rule, *Farinella v. EBay, Inc.*, No. 05 Civ. 1720, 2011 WL 1239959, at *2 (E.D.N.Y. Mar. 30, 2011), provides for relief from a final judgment, order or proceeding for "any other reason that justifies relief." Rule 60(b)(6) may be used only upon "a show[ing] of extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

II.

In its Order, the Court denied plaintiff's motion for summary judgment on the ground there were genuine issues with respect to material facts. Plaintiff now moves for reconsideration on the ground the Court overlooked precedent in ruling that an issue of fact exists as to whether Lumbermen settled this matter in good faith. Mem. in Supp. p. 8. Lumbermens argues that the Court improperly relied on Lumbermens' own statements from the state court *Durr* litigation and

that case law supports its right to settle claims on behalf of itself or the principals for whom it issues bonds as long as it is done in good faith and is reasonable.

The cases cited by Lumbermens, however, are inapposite to the facts in this case because in those cases, the surety did not make statements in another proceeding that, if true, amount to a defense, as indeed they were so used in the state court proceeding. As an initial matter, the record shows that in the *Durr* proceeding in New York's Supreme Court, Lumbermens represented that Durr had no rights under the bond because it failed to satisfy certain conditions. DE 64 p. 6. The record also contains evidence of a report by a professional engineer who concluded that Durr actually owed Lumbermens $36,074. In light of the foregoing, reasonable minds could disagree on whether Lumbermens should have settled the *Durr* case and whether the settlement was reasonable. Furthermore, Lumbermens insistence that it retained the right to settle the *Durr* case regardless of whether the conditions precedent were met is also unpersuasive because it still has the duty to act in good faith.

In any event, the Court is well aware of a surety's broad discretion to settle claims and the important functions sureties serve in the construction industry. It did not, however, overlook precedent in denying Lumbermens' summary judgment motion based on the facts of this case. As discussed above, Lumbermens' statements in the *Durr* litigation differentiate it from the cases cited by plaintiffs. Moreover, plaintiff has not identified any exceptional circumstances required to invoke FRCP 60(b)(6). Accordingly, plaintiff's motion for reconsideration of the Order denying summary judgment in favor of Lumbermens is denied.

III.

For the foregoing reasons, plaintiff's motion for reconsideration of this Court's Order

dated September 28, 2012 is hereby **DENIED**. The parties are directed to update the joint pretrial order (DE 57) and communicate with Chambers to set a trial date.

**SO ORDERED.**

Dated: February 2014
      Central Islip, New York

                                          s/ Thomas C. Platt
                                          Thomas C. Platt, U.S.D.J.